UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6019-CR-ZLOCH

UNITED STATES OF AMERICA,

v.

TYRONICA EVETT HILL
CRYSTAL MCGEE,
ANTIONETTE GREENE,
a/k/a/ "Antionette Green,"
LAURENCE YANCY, and
SHAKEISHA BANNER,

    Defendants.
_____/

## UNITED STATES' RESPONSE TO THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.    1.    A copy of any written statements made by the defendants has been provided to defense counsel together with this discovery response.

            2.    That portion of the written record containing the substance of any oral statement made by the defendants before or after arrest in response to interrogation by any person then known to the defendant to be a government agent has been provided to defense counsel together with this discovery response.

            3.    No defendant testified before the Grand Jury.

            4.    The NCIC records of each defendant is attached.

            5.    Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a

mutually convenient time at the Office of the United States Attorney, 500 East Broward, Suite 700, Ft. Lauderdale, Florida. Please call the undersigned to set up a date and time that is convenient to both parties. The undersigned will tentatively set the date for February 11, 2000 at 10 a.m.. Please call the undersigned with 48 hours notice if you intend to review the evidence at this date and time.

Books, papers, documents, and photographs which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant have been provided to defense counsel together with this discovery response. The items provided, however, are not necessarily copies of all of the books, papers, documents, etc., that the government may introduce at trial.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976). At this point in time, the United States has no information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959). At this point in time, the United States has not many any any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.   No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G.   The government has advised its agents and officers involved in this case to preserve all rough notes.

H.   The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.   The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.   The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.   No contraband is involved in this indictment.

L.   The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.   The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.   To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.   The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.   At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal

Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

>Time: not applicable
>Date: continuing–see Indictment
>Place: various– see Indictment

The attachments to this response are numbered pages __1__ - __171__. Please contact the undersigned Assistant United States Attorney if any pages are missing.

>Respectfully submitted,
>
>THOMAS E. SCOTT
>UNITED STATES ATTORNEY
>
>By: _____
>Bertha R. Mitrani
>Assistant United States Attorney
>Florida Bar No. 88171
>500 East Broward Boulevard
>Fort Lauderdale, Florida 33354
>Tel: 954/ 356-7255
>Fax: 954/356-7336

cc:   Special Agent Caruso
      Secret Service

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 8th day of February,

                                                  Bertha R. Mitrani
                                                  Assistant United States Attorney

## AMENDED CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was delivered by hand in Magistrate Court on this 8th day of February, 2000 to:

Richard Hersch, Esquire
Hersch & Talisman, P.A.
1110 Brickell Avenue
Penthouse One
Miami, Florida 33131

Gary Kollin, Esquire
7900 Peters Road
Suite B-100
Fort Lauderdale, Florida 33324-4008

Bernado Lopez for
Samual J. Smargon
Assistant Federal Public Defender
Office of The Public Defender
1-1 N.E. 3rd Avenue, Suite 202
Fort Lauderdale, Florida

and by regular first class mail on this 8th day of February, 2000, to

David Hodge, Esquire
727 Northeast Third Avenue, Suite 100
Fort Lauderdale, Florida 33304

Paul A. McKenna, Esquire
McKenna & Obront
2666 Tigertail Avenue, Suite 104
Coconut Grove, Florida 33133

_____
Bertha R. Mitrani