UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE N° 00-6019-CR-ZLOCH

UNITED STATES OF AMERICA,

    *Plaintiff,*
vs.

TYRONICA HILL,

    *Defendant.*
_____/



## MOTION TO SUPPRESS TANGIBLE EVIDENCE

**COMES NOW**, the Defendant, **TYRONICA HILL**, by and through undersigned counsel, and moves this Honorable Court to enter an order suppressing for use as evidence the materials which were seized from the Defendant's garbage on or about January 11, 2000. The Defendant would aver as follows:

1. The Defendant is charged by indictment with Counterfeit Securities violations, pursuant to Title 18 U.S.C. §513(a). This twenty-eight count indictment contains one conspiracy count and twenty-seven substantive check counts.

2. It is alleged in the Complaint filed on or about January 13, 2000, the Defendant and others sought to negotiate counterfeit checks at banks around the Southern District of Florida.

3. On January 11, 2000, agents of the Treasury Department removed garbage from in front of 155 Via Milan Drive, Davie, Florida, the residence of Tyronica Hill. It will be contested at

hearing in this matter as to where the bags of garbage were at the time they were seized by the United States Government. It is the Defendant's position that these bags were maintained in a place that is Constitutionally protected.

4.	Within these opaque bags of garbage were contained materials that had been shredded and materials that had been torn in an effort to dispose of them and to conceal their nature. The Defendant exhibited an expectation of privacy by placing them within opaque containers. These bags contained notes, checks, receipts, and other papers which the Government intends to use at trial. It is the contents of these garbage bags that the Defendant seeks to suppress.

5.	The seizure of these garbage bags was conducted in violation of the Fourth Amendment to the United States Constitution. The Defendant seeks the suppression of all of these matters seized on January 11, 2000.

6.	Further, a search warrant was obtained with reference and use of the seized materials. As a result, the fruits of the search warrant should also be suppressed.

## MEMORANDUM OF LAW

In *California v. Greenwood*, 486 U.S. 35, 40, 108 S.Ct. 1625, 1628, 100 L.Ed. 2d 30 (1988), the United States Supreme Court stated "the warrant of search and seizure of . . . garbage bags . . . would violate the Fourth Amendment only if respondent's manifested a subjected expectation of privacy in their garbage that society accepts as objectively reasonable." (citations omitted). Generally, courts will uphold the legality of a trash search if the trash has been placed in a location

where it is accessible to the general public. In the instant case, it is the Defendant's position that the opaque garbage bags were seized from a location on the Defendant's property which was not immediately accessible to the general public. This seizure would be illegal.

In *Greenwood, supra,* the Defendant was suspected of narcotics trafficking. After a period of surveillance by the local police department, the police requested the trash collector to pick up Greenwood's plastic garbage bags left on the curb, segregate them and turn them over to the police department. A subsequent search revealed items indicative of narcotic use. With the use of these items, a search warrant was obtained to search Greenwood's home. 486 U.S. at 39, 108 S.Ct. at 1627.

Following Greenwood's arrest, additional reports surfaced regarding the his house. A second trash pull was performed, a second search warrant issued, and Greenwood was arrested a second time. *Id.*

Greenwood argued that he had exhibited an expectation of privacy 1) by placing his garbage in opaque plastic bags; 2) placing on the street at an affixed time; and 3) where the bags were expected to be picked up, mingled with the trash of others and deposited in the garbage dump. The Supreme Court indicated that an expectation of privacy does not necessarily give rise to Fourth Amendment protection, noting that plastic garbage bags left on the side on the public street are "readily accessible to animals, children, scavengers, snoops, and other members of the public." 486 U.S. at 40, 108 S. Ct. at 1628-9. (footnotes and citations omitted). Significantly, the court noted that where you deposit your garbage "in an area particularly suited for public inspection and, in a manner

CASE № 00-6019-CR-ZLOCH

of speaking, public consumption... no reasonable expectation of privacy [could be expected] in the inculpatory items that they discarded." *Id.* citing *United States v. Reicherter*, 647 F. 2d 397, 399 (3rd Cir. 1981).

In several areas of the opinion, the court notes that a claim to an expectation of privacy is severely diminished when trash is left "in an area accessible to the public." *United States v. Thornton*, 746 F.2d 39, 49 n. 11 (D.C. Cir. 1984). ("the overwhelming weight of authority rejects the proposition that a reasonable expectation of privacy exists with respect to trash discarded outside the home in the curtilage thereof.") In the instant case, the Defendant's position is that the trash was not outside of the curtilage of her home. Rather, the trash was seized from a constitutionally protected area.

As a result, the instant case is closer to *United States v. Certain Real Property Located at 987 Fisher Road, Grosse Pointe, Michigan*, 719 F. Supp. 1396 (E.D. Mich. 1989). There, the owner of the house was found to have the reasonable expectation of privacy in garbage bags that had been placed against the backwall of his house and were hidden from view of pedestrians passing in front of his house. An officer disguised himself as a rubbish remover and collected the four bags situated at the rear of the house. The court noted that since the bags were within the curtilage of the defendant's home, he had retained control of them and could have retrieved them any time prior to collection by trash officials. The court further noted that although the trash collector had limited authority to enter the property for collection of trash, this did not extend to the general public or to the police officials.

4

CASE № 00-6019-CR-ZLOCH

The Defendant is not unaware of *United States v. Hall*, 47 F. 2d 1091 (11th Cir. 1995), which upheld the seizure of shredded documents from garbage in a dumpster located on defendant's commercial property. However, the court noted that the expectation of privacy enjoyed by owners of commercial property differs significantly from that accorded an individual's home. *Id.* at 1095, citing *Donovan v. Dewey*, 452 U.S. 594, 101 S.Ct. 2534, 69 L. Ed. 262 (1981). With regard to commercial buildings, the court noted that the additional precaution of affirmatively barring the public from the area must be taken before Fourth Amendment protections will be afforded. *Id.* As a result, *Hall* is not controlling of the case at bar.

## CONCLUSION

In the instant case, the Defendant's trash was seized from a constitutionally protected area. As a result, no benefits may inure to the government from this Fourth Amendment intrusion. It is respectfully requested that this Honorable Court enter an order prohibiting the government from use of the evidence seized from the garbage of the Defendant on January 11, 2000 and from the search pursuant to warrant on January 14, 2000..

       Respectfully submitted,

       HERSCH & TALISMAN, P.A.
       1110 Brickell Avenue, PH-One
       Miami, Florida 33131
       Tel: (305) 358-0570

       RICHARD HERSCH
       FLORIDA BAR № 305065

5

CASE Nº 00-6019-CR-ZLOCH

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 22d day of February, 2000, a true and correct copy of the foregoing was furnished to:

Bertha Mitrani
Assistant United States Attorney
500 East Broward Boulevard, Suite 700
Fort Lauderdale, Florida  33394

Gary Kollin
7900 Peters Road
Suite B-100
Fort Lauderdale, Florida  33324

Samuel Smargon
Asst. Federal Defender
1-1N.E. 3d Ave., Suite 202
Fort Lauderdale, Florida

David Hodge
727 Northeast 3d Ave3, Suite 100
Fort Lauderdale, Florida  33304

Paul McKenna
McKenna & Obront
2666 Tigertail Ave., Suite 104
Coconut Grove, FL  33133

RICHARD HERSCH