UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE Nº 00-6019-CR-ZLOCH
00-6143-CR-ZLOCH

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

TYRONICA HILL,

    *Defendant.*
_____/

## OBJECTIONS TO PRE-SENTENCE INVESTIGATION REPORT

**COMES NOW** the Defendant, by and through undersigned counsel, and files this her objections to the Pre-Sentence Investigation Report dated July 25, 2000. **Sentencing is currently scheduled for August 25, 2000.**

### PROCEDURAL AND FACTUAL HISTORY

1. The Defendant was charged in a multi-defendant and multi-defendant indictment in Case No. 00-6019-CR with counterfeit securities (checks) charges, returned on January 20, 2000.

2. The Defendant entered a plea of guilty to the conspiracy count of the indictment on or about March 17, 2000.

3. On or about May 23, 2000, an information was filed, pursuant to agreement, charging the Defendant with Access Device Fraud. (USA v. Tyronica Everett Hill, 00-6143-CR-ZLOCH) Although this case initially fell before Judge Dimitroules, by joint motion these cases were consolidated for purposes of sentencing before this Court.

CASE N° 00-6019-CR-ZLOCH
00-6143-CR-ZLOCH

4.     The defendant's charges in 00-6143 grew from of another indictment presently pending before this Court.  In the related indictment, it is alleged that Alexandre Pereira and Jonathan Fredericks established legitimate and fraudulent corporations and then obtained merchant accounts with the help of McNair, McGhee, Harold Robinson, and the Defendant.  Co-defendant Pereira obtained credit card numbers of cardholders located outside of the United States and provided these to Fredericks who would then run bogus credit card transactions on the merchant accounts.

5. On or about June 19, 2000, the Defendant entered a plea to the information in 00-6143 pursuant to plea agreement.

### ISSUE RAISED BY PRE-SENTENCE INVESTIGATION REPORT

In the current Pre-Sentence Investigation Report, the Probation Office has recommended a two level enhancement pursuant to Section 2F1.1(b)(5)(b), urging that "a substantial part of the fraudulent scheme was committed from outside the United States."  This recommendation arises from the 00-6143 case, charging the access (credit card) fraud. The Defendant objects to this enhancement.

### DISCUSSION

The appropriate guideline to be used for determining the base offense level for both of the Defendant's offenses is the one governing Fraud in Section 2F1.1.  The Probation Office has recommended a two-level enhancement in the access fraud case (00-6143) alleging that Subsection (b)(5) applies to the facts in this case.   The Defendant's objections are multifold.

**First, the Probation Office presents no supporting facts** within the PSI report to satisfy

2

CASE Nº 00-6019-CR-ZLOCH
00-6143-CR-ZLOCH

an allegation that "a substantial part of a fraudulent scheme was committed from outside the United States..." The portions of the PSI report that detail the facts in this case are found at Pp. 13-14, Paragraphs 31-41. Only one sentence in the narrative makes any mention of anything outside the United States:

> "Coconspirator Alexandre Pereira obtained credit card numbers of individuals who resided in South America, and he used their accounts to make unauthorized charges."

P. 13, Para. 35, PSI report. The balance of the offense narrative explains how Jonathon Fredericks set up corporations in Florida and assembled domestic merchant accounts through which he would process fraudulent credit card transactions. The PSI report fails to explain what, if any "substantial" activity was committed from outside of the United States. Traveling only of the face of the report, there are no allegations of **any** activity outside the borders of the United States. The instant Defendant has not seen one bit of discovery or proof that any act was committed from outside the United States. In the absence of this allegation and proof, this enhancement is unsupportable.

**Second, even were the credit card numbers obtained from outside the United States, this should not suffice for the enhancement.** The Defendant has not been privy to any debriefings of Co-defendant Pereira and does not actually know from whence the access numbers derived. It is believed that the worst factual allegation that could be sustained is that Pereira obtained them from banks in Brazil. Even accepting that as true, this does not constitute a substantial part of the fraudulent scheme.

The gravamen of this scheme is that access numbers were fraudulently used to defraud banks in the United States. The merchant accounts were obtained in the United States. The charges were

3

CASE Nº 00-6019-CR-ZLOCH
00-6143-CR-ZLOCH

processed domestically. The collection of the proceeds of the credit charges were collected in the Southern District of Florida. The proceeds were distributed to the co-conspirators in Fort Lauderdale. None of the persons named in the instant case left the country to perpetrate or commit this offense.

The Defendant is unable to find any guidance as to the definition of "substantial part of a fraudulent scheme...committed from outside the United States." This subsection was revised in the November 1, 1998 amendments to the Guidelines. Although it existed in a different form prior to 1998, pertaining to the use of foreign bank accounts[1], only one case reports the use of this predecessor section and provides no guidance in the instant case. *See United States v. Magluta*, 198 F.3d 1265 (11th Cir.)[2]. No commentary in the Guidelines seems to address this provision as well.

**Finally, Defendant Hill harbored neither intent nor involvement in any activity that may have occurred from outside the United States.** She and co-defendant Robinson provided domestic merchant accounts for transaction to be processed within the United States. It was not within their purview or participation for any activity, let alone "a substantial part" of the scheme, to be committed extra-nationally. To enhance this Defendant for such activity would not be fair.

Notably, the obtaining of the access numbers (credit card) numbers could have been performed anywhere. The credit cards were on Visa, Mastercharge, and American Express accounts.

---

[1] "If the offense involved the use of foreign bank accounts or transactions to conceal the true nature or extent of the fraudulent conduct, and the offense level as determined above is less than level 12, increase to level 12."

[2] In *Magluta*, the Eleventh Circuit also notes that "[t]here are no reported court of appeals cases that address the imposition of a § 2F1.1(b)(5) enhancement." 198 F.3d at 1274. the *Magluta* opinion was released on December 23, 1999.

4

CASE № 00-6019-CR-ZLOCH
00-6143-CR-ZLOCH

The numbers used could have been obtained domestically as well as internationally. If they were, in fact, obtained in Brazil, such an event is not integral to the success of the fraudulent scheme and should not be considered a substantial part.

### CONCLUSION

For the reasons urged above, it is requested that the Court not enhance the Defendant's offense level by two levels pursuant to § 2F1.1(b)(5)(B).

Respectfully submitted,

Hersch & Talisman, P.A.
1110 Brickell Ave., PH-One
Miami, FL 33131
Fla. Bar No. 305065

Richard Hersch

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by hand upon AUSA Bertha Mitrani, 500 East Broward Blvd., Ft. Lauderdale, Florida 33394, on this _4_ day of August, 2000.

RICHARD HERSCH

5